

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00241-CR

DONALD RAY MIDDLETON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Court No. 15-06-05564-CR, Honorable Kathleen Hamilton, Presiding

March 29, 2017

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Donald Ray Middleton, appeals his ninth conviction for driving while intoxicated and the life sentence levied by the trial court. The conviction was based upon his guilty plea. So too did he plead true to the deadly weapon accusation and to the six enhancement paragraphs alleged in the indictment. The felony convictions encompassed by five of those enhancement paragraphs were for driving while

---

[1] Because this appeal was transferred from the Ninth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. See TEX. R. APP. P. 41.3.

intoxicated, while the sixth conviction involved his possession of a controlled substance. His three misdemeanor convictions for driving while intoxicated were also mentioned in the indictment. Only one issue appears before us, and it is his claim that the sentence assessed was excessive and, therefore, cruel and unusual. We affirm.

As stated by our Court of Criminal Appeals, "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323–24. Those propositions were reiterated by the Ninth Court of Appeals in *Lewis v. State*, No. 09-15-00140-CR, 2015 Tex. App. LEXIS 11376, at *7 (Tex. App.—Beaumont Nov. 4, 2015, no pet.) (mem. op., not designated for publication). And, per *Lewis*, we review appellant's claim under the gross-proportionality test. *See id.* at *10. That is, we first determine if the gravity of the offense is grossly disproportionate to the severity of the sentence; if so, then we compare the sentence to sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions. *See id.* at *8–9 (quoting *Graham v. Florida*, 560 U.S. 48, 59–60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). If this comparative analysis validates the initial assessment that the sentence is grossly disproportionate, then it is also cruel and unusual. *Id.* at *9.

*Lewis* further tells us that:

[I]n considering whether appellant's sentence of twenty-five years is "grossly disproportionate[,]" we consider not only the present offense but

2

also his criminal history. The defendant's sentence under a recidivist statute is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." A state with a recidivist statute is not required to treat a defendant as if the offense was his first, and it is entitled to place upon the defendant "the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction."

*Id.* at *11–12 (citations omitted).

Moreover, that the conduct underlying the crime inflicted neither bodily harm or property damage is not necessarily controlling. As acknowledged in *Lewis*, "even a sentence of life imprisonment . . . is not grossly disproportionate to a felony offense that is committed by a habitual offender." *Id.* at *12. Finally, like the offense at bar, *Lewis* too involved the crime of driving while intoxicated, that is, a crime it deemed "dangerous" and one that "could have placed [the accused's] life and the lives of others in jeopardy." *Id.* at *12–13.

In analyzing appellant's contention, we first assume *arguendo* that it was preserved. He contends that his complaint about the oppressiveness of the sentence was uttered but somehow omitted from the record.

Next, we observe that he does not dispute that his life sentence fell within the statutory range applicable to a habitual offender like him. Furthermore, he acknowledged the extreme danger involved with driving while intoxicated. He did so around the time of his eighth conviction for the offense and its accompanying thirteen-

3

year prison sentence. Despite attending Alcoholics Anonymous for several years, he nevertheless resumed drinking and driving. And, on the day of his arrest that led to the ninth conviction, he happened to collide with another vehicle. No one was severely injured as a result of the accident, though.

The nine convictions for driving while intoxicated only represent nine times appellant had been caught and prosecuted for that offense. His being a fifty-five-year-old alcoholic who began drinking while in high school suggests that there may be a plethora of other instances wherein he committed the identical crime. But, we need not speculate on that. To paraphrase *Lewis*, a state with a recidivist statute like Texas was not obligated to treat appellant as a first-time offender. It was entitled to place upon him the mantle of one who was simply unable to bring his conduct within the social norms prescribed by the criminal law. Indeed, the thirteen-year prison sentence levied as a result of his eighth conviction was not enough to curb his conduct.

That he may be an alcoholic and that alcoholism may be considered a disease is no justification for his conduct. Contrary to his representation, he was not convicted and sentenced for his suffering from the condition of being an alcoholic. Nor is his citation to *Robinson v. California*, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d (1962), of any import. In *Robinson*, the State of California sought to prosecute Robinson for being a drug addict, and the United States Supreme Court held that imprisoning one for suffering from a disease like an addiction to drugs inflicts cruel and unusual punishment. *Id.* at 667. Missing from *Robinson* is any language insinuating that one suffering from an addiction or disease carries with him a "get out of jail card" to insulate him from prosecution for engaging in prohibited **conduct** while an addict. Here, appellant's

4

conviction and sentence arose from his **conduct** (driving a motor vehicle) while drunk, not his status as an alcoholic.

Nor were the State's actions against him akin to effort to prosecute one for being a particular race, as appellant also suggested. Race is not a choice. Driving while drunk is. And, while it is reprehensible for a governmental body to criminalize the color of one's skin, it is not reprehensible to criminalize one for choosing to engage in conduct that places the lives of himself and others in extreme risk.

The sentence being within the statutory range of punishment, his prior convictions for the same offense, his failure to alter his conduct, and the danger to which he exposed others removed his life sentence from the realm of cruel and unusual punishment. It was not grossly disproportionate to the severity of his acts. This is especially so given that others have received life sentences for driving while intoxicated. *See, e.g.*, *Glover v. State*, No. 09-13-00084-CR, 2014 Tex. App. LEXIS 3248, at *6–9 (Tex. App.—Beaumont Mar. 26, 2014, pet. ref'd) (mem. op., not designated for publication) (involving an habitual offender and rejecting appellant's allegation that the sentence was excessive); *Goains v. State*, No. 09-09-00503-CR, 2011 Tex. App. LEXIS 7875, at *1 (Tex. App.—Beaumont Sept. 28, 2011, pet. ref'd) (mem. op., not designated for publication) (involving a deadly weapon finding, namely a motor vehicle, and prior offenses).

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

5